Campbell, Chief Justice,
delivered the opinion of the court:
The claimant entered into a contract with the defendants for the construction of a marine railway at the naval station, Key West, according to plans and specifications made a part thereof and with the contract attached to the petition. The work contracted for was completed and paid for and the claimant sues for a breach of the contract by defendants, the breach alleged being based upon the paragraph of the specifications hereafter set out. We pretermit any discussion of the question as to the legal effect of the settlement between the parties. As appears from the contract, all of the work essential to be done in the construction of the marine railway was not to be performed by claimant, but the dredging was to be done through some other agency or contractor.
*237 Section 11 of the specifications is as follows:
“11. Worh to be done and material to be furnished by the party of the second part. — The following work will not be included in the contract:
“ Dredging approximately to the lines shown on the plan. (Every effort will be made to have the dredging to conform as closely as possible to the depths shown, but the Government will assume no responsibility for any damages caused by variations in depth of dredging nor for delays due to dredging.) * *
The breach alleged is based on the foregoing section of the specifications, and is averred in the petition in the following language:
“ Your petitioner states that in connection with the prosecution of the work covered by its said contract of February 24,1910, it was necessary that certain dredging or excavation be done for the purpose of making the slip for said marine railway; that it was not the duty or obligation of your petitioner to do or perform said dredging or excavation, but that the same was to be done by the United States through other agencies in such manner and at such time as to interfere in no respect with nor delay the progress of the work covered by the contract of your petitioner; that, however, the United States did not promptly cause the said dredging to be done for said marine railway, but, on the contrary, was guilty of great and unreasonable delay in regard to same, and that by reason of such delay, fault, failure, and neglect to cause the said dredging to be done promptly and at the proper time, it greatly interfered with and delayed the work of your petitioner ; that such fault, failure, and neglect on the part of the United States, as above mentioned, was contrary to the true intention and spirit of the said contract above referred to, and by reason thereof your petitioner was put to and did suffer great loss, expense, and damage, by reason of labor, materials, plant, and appliances during the period of such interference or delay on the part of the Government, and that the actual loss, expense, and damage thus sustained by your petitioner by reason of the foregoing item was and did amount to the gross sum of one thousand eight hundred and ninety-seven dollars ($1,897.00), which said sum has been actually expended by reason thereof by your petitioner.”
The defendants demur to the petition. Whilst the demurrer admits the allegations of the petition, it only admits the *238 conclusions which are well pleaded, and where, as in this case, the petition sets out the contract in haee verba, the averments are controlled by the provisions of the contract if there is any conflict between the two. The averment is that the dredging “ was to be done by the United States * * * in such manner and at such time as to interfere in no respect with nor delay the progress of the work covered by the contract,” and “that they did not promptly cause the said dredging to be done, * * * but on the contrary were guilty of great and unreasonable delay” in regard thereto, as a consequence of which claimant suffered much loss. A pleading is always to be taken more strongly against the pleader, and by this rule the petition fails to show that the defendants agreed to do the dredging or to have it done so as not to interfere with or delay claimant’s work. The petition avers as a conclusion that the dredging was to be done by defendants “ through other agencies ” in such manner as not to interfere with or delay claimant, but fails to aver a contractual obligation in that regard, leaving the latter to inference to be deduced from other averments and the contract itself.
Referring to the contract for the stipulations relied upon to sustain the averments of the petition, it appears that certain work was to be done and material to be furnished by defendants shown in the excerpt from the contract above quoted, including the dredging, which, “ approximately to the lines shown on the plan,” is not included in claimant’s contract. It is fairly inferable that defendants were to do or to have done the dredging,-since it was an essential element in the contemplated work of completing the marine railway. But the contractual obligations arising from either the doing of the work of dredging or from having it done by others must be ascertained from the contract, and it is not allowable for the pleader to aver his conclusion of what the undertaking in that regard is and escape the effect of a demurrer if the conclusion be not reasonably and legitimately deducible from the language of the contract; nor is it allowable to import into the contract by averment a meaning which does not comport with what the parties have stated *239 for themselves. In the language of some of the older authorities, the terms of the agreement “ can not be holpen by averment.” Suing upon the contract and alleging a breach of it, the claimant must stand or fall by the terms of it.
The defendants undertake that “ every effort will be made to have the dredging to conform as closely as possible to the depths shown,” and it is not averred that the defendants did not use “ every effort to have the dredging ” so conform, nor indeed that claimant was damaged because the dredging did not conform to the said depths. But the pleader seeks to connect the term just quoted with the concluding part of the paragraph so as to make the agreement express o.r imply that “ every effort ” will be made to have the dredging so done as not to cause damage or delay to the contractor. The contract, however, is not susceptible of this construction, because after stating a definite undertaking on their part as to dredging to conform to certain depths as closely as possible the contract uses the disjunctive “ but ” to separate the two parts of the paragraph, and declares that the Government will not assume responsibility for damages caused by variation in depths of dredging “nor for delays due to dredging.” And this declaration of what the Government “ will not be responsible ” for can not by averment be converted into an affirmative undertaking to be responsible for “ delays due to dredging ” or damages caused by variations in depth. The “effort” which the contract refers to was toward a conformation of the dredging to. depths shown, and was not in terms related to a prevention of delays. To the contrary, the parties agreed that defendants assumed no responsibility “ for delays due to dredging.”
There are no settled rules of pleading in this court, and petitions are allowed which show that the claimant has a claim, whether it be artificially drawn or not, but where it is apparent that the claimant must recover, if at all, under the terms of a contract which is set forth in or attached to the petition, the question of his right of recovery may be and often properly is presented by demurrer.
Construing the contract in connection with the petition, we think a cause of action is not averred, and that the *240 demurrer should be sustained. See Merchants Loan & Trust Co. case, 40 Ct. Cls., 117.
It appearing that the complaint can not be so amended as to state a cause of action, it is ordered that the cause be dismissed.